IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HELENE BREEDLOVE CALDWELL, *et al.*, §
§
Plaintiffs, §
§
v. § Civil Action No. 3:19-CV-2193-N
§
FREEDOM MORTGAGE CORPORATION, §
§
Defendant. §

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Freedom Mortgage Corporation's ("Freedom Mortgage") motion to dismiss [28] Plaintiffs Helene Breedlove Caldwell, James Earl Stearns, Reginald Reddick, Angela Reddick, and Jose Palacios's (collectively, "Plaintiffs") claims against it. For the reasons below, the Court grants in part and denies in part the motion.

## I. ORIGINS OF THE DISPUTE

All the Plaintiffs have deeds of trust insured by the Federal Housing Administration ("FHA") and serviced by Freedom Mortgage. Pltfs.' First Am. Compl. 3 [20]. The parties' dispute originated when Plaintiffs incurred several "pay-to-pay" fees, or convenience fees, for paying their mortgage payments through online or phone payment methods. *Id.* Freedom Mortgage's convenience charges are allegedly facilitated by an automated telephone and online paying processing system, Speedpay, operated by Western Union. *Id.* In addition to the online and phone payment options, which allegedly charge fees to

users, Freedom Mortgage also offers free payment methods, such as mail or automatic payments. Def.'s Mot. Dismiss 7 [24].

The Plaintiffs' deeds of trust contain provisions stipulating that the "Lender may collect fees and charges authorized by the Secretary [of Housing and Urban Development]." Pltfs.' First Am. Compl. 11–12 [20]. Plaintiffs take the position that this language incorporate Housing and Urban Development ("HUD") regulations into their deeds, that HUD's *Handbook 4000.1: FHA Single-Family Housing Policy Handbook* ("HUD Handbook") prohibits charging "pay-to-pay" fees, and that Freedom Mortgage consequently has breached their contracts by charging these convenience fees. *Id.* at 8. Plaintiffs also allege that these fees violate the Texas Debt Collection Act ("TDCA"). Freedom Mortgage filed this motion to dismiss both claims.

## II. Rule 12(b)(6) Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). Courts "may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013).

## III. The Court Dismisses the Breach of Contract Claim and Denies Dismissal on the TDCA Claim

Here, Plaintiffs allege both breach of contract and TDCA claims against Freedom Mortgage. The Court holds that as a matter of law, Plaintiffs have failed to state a breach of contract claim but that they have alleged a TDCA claim.

### *A. Plaintiffs Have Not Stated a Breach of Contract Claim*

The breach of contract claim is premised on Freedom Mortgage's purported violation of HUD Handbook guidelines. Even assuming the handbook constitutes binding regulations, "HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement." *Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016). Herein lies the crux of the parties' dispute regarding this claim. The deed of trust states that the lender "*may* collect fees and charges authorized by the Secretary [of Housing and Urban Development]." First Am. Compl. 45–46 [20] (emphasis added). Plaintiffs say this suffices to expressly incorporate HUD regulations. Freedom Mortgage insists it does not. The Court agrees with Freedom Mortgage. The language both parties rely upon is

permissive rather than restrictive and does not "expressly limit[] additional fees that may be charged to the borrower." *See id.* In fact, the deed never expressly mentions the HUD Handbook that Plaintiffs reference or HUD regulations at all. That strikes this Court as falling shy of "expressly incorporat[ing]" HUD regulations.

In a recent decision, the Fifth Circuit determined that HUD regulations were not incorporated into a contract where there was no "evidence that the parties intended to incorporate into the HECM the *specific HUD term* at issue." *Johnson*, 830 F.3d at 196 (emphasis added).[1] Similarly, other courts have held HUD regulations were incorporated when the contracts referenced specific HUD regulations or used mandatory language. *See Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, *3 n.2 (N.D. Tex. 2009) (holding HUD regulations were expressly incorporated under the following language: "This note does not authorize acceleration when not permitted by HUD regulations."); *see also Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126, 1132–33 (11th Cir. 2014) (determining that a deed "clearly makes compliance with HUD regulations a condition" of the contract where it stated: "This [deed] *does not authorize* acceleration or foreclosure *if not permitted by regulations of the Secretary*.") (emphasis added).[2] Because Plaintiffs have

---

[1] Plaintiffs argue that *Johnson* does not support this outcome and urge the Court to instead follow *In re Mandeville*, an Alabama bankruptcy court opinion. 596 B.R. 750 (Bankr. N.D. Ala. 2019). The Court is unpersuaded. *In re Mandeville* involved the question whether the phrase "Lender may collect fees and charges authorized by [HUD]" *permitted* the lender to charge certain fees, not whether that phrase *restricts* a lender from charging certain fees. *Id.* at 756, 759–60. This case involves the latter issue and presents it via a breach of contract challenge, like that raised in *Johnson*, not a bankruptcy dispute.

[2] By way of another example, a deed expressly incorporated two HUD regulations where it included the following: "Lender may, *except as limited by regulations issued by the*

not identified any language referencing HUD regulations generally or specifically, much less any mandatory language, the Court holds that the deed here likewise fails to expressly incorporate HUD regulations.

### *B. Plaintiffs Have Stated a TDCA Section 392.303(a)(2) Claim*

Turning to the TDCA claim, the Court holds that Plaintiffs have plausibly stated a section 392.303(a)(2) violation. Section 392.303(a)(2) of the TDCA prohibits:

> [C]ollecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

TEX. FIN. CODE § 392.303(a)(2).[3] Freedom Mortgage proffers several arguments that its fee collection here is legally insufficient to support a TDCA violation. First, it argues that

---

*Secretary*, in case of payment defaults, require immediate payment . . . . In many circumstances *regulations issued by the Secretary will limit Lender's rights*, in the case of payments of defaults . . . *This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary*." *Jackson v. Bank of Am., N.A.*, 2014 WL 5511017, at *2–*4 (S.D. Miss. 2014) (emphasis added). Nearly identical language was still insufficient to convince the Court in *Neaville v. Wells Fargo Bank, N.A.*, which held that because it could not "identify any other terms in either the Note or Deed of trust which *specifically incorporate HUD regulations* as controlling," the breach of contract claim was barred. 2012 WL 12885217, at *4 (N.D. Tex. 2012) (emphasis added).

[3] Plaintiffs argue that the convenience fee is not authorized by deed or law (i.e., the fee is not "legally chargeable"). Pltfs' Response 4 [28]. The HUD Handbook does outline provisions for permissible fees, and it authorizes fees which are "reasonable and customary for the local jurisdiction; based on actual cost of the work performed or actual out-of-pocket expenses and not a percentage of either the face amount or the unpaid principal balance of the Mortgage; and within the maximum amount allowed by HUD." Pltf.'s Appx. Ex. 4 5–6 [20]. Defendant alleges that the convenience fee falls within these requirements. The issues here are whether the convenience fee is "reasonable and customary" for the industry and whether the fee is based on actual costs to Freedom Mortgage. Both issues are questions of fact more suitable for resolution in a motion for summary judgment, not a motion to dismiss.

a fee-based payment method cannot be "incidental" to the debt when it is optional and borrowers are given other, fee-free options. District courts are split on this question in the related, Federal Debt Collection Practices Act ("FDCPA") context.[4] *See Lindblom v. Santander*, (2016) (analyzing district court split). This Court is persuaded, like the majority of courts that have opined on the issue, that convenience fees derived from debt-payment methods are "incidental" to the debt being paid.[5] *See, e.g.*, *Wittman v. CB1, Inc.*, 2016 WL 1411348, at *1, *5 (D. Mont. 2016) (following "the majority of courts [that] have found that similar transaction fees are incidental"); *Weast v. Rockport Fin.*, 115 F. Supp. 3d 1018, 1023 (E.D. Mo. 2015) ("Offering a payment option that does not violate the statute does not save offering a payment option that would violate the statute, as the latter is still an attempt to collect a fee which is prohibited."); *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 437–39 (E.D.N.Y. 2014) ("What matters is § 1692(f)(1)'s plain instruction that the

---

[4] Texas district courts often interpret the TDCA in accordance with the FDCPA, which has a similar provision to section 392.303(a)(2) of the TDCA. *Gomez v. Niemann & Heyer, LLP*, 2016 WL 3562148, at *6 (W.D. Tex. 2016) ("The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as [t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA.") (internal quotation omitted); *Brandon v. Wells Fargo Bank, N.A.*, 2011 WL 6338832, at *11 (E.D. Tex. 2011); *see* 15 U.S.C. § 1692(f)(1). Section 1692(f)(1) specifically prohibits: "(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1).

[5] Freedom Mortgage seeks to distinguish this line of cases by arguing that courts found convenience fees incidental only where the lender urged borrowers to make payments through third-party services. Only one of these cases potentially involved those facts, however, and the Court did not base its statutory interpretations upon that factor. *See Whitman*, 2016 WL 1411348, at *5.

collection of any amount incidental to the principal obligation . . . violates the FDCPA."); *Shami v. Nat'l Enter. Sys.*, 2010 WL 3824151, at *3–4 (E.D.N.Y. 2010) (holding that convenience fees charged for some payment methods were "incidental to Plaintiff's purported actual debt," even though other payment methods existed). *But see Flores v. Collection Consultants of Ca.*, 2015 WL 4254032, at *10 (C.D. Cal. 2015) (holding an optional convenience fee legally insufficient to support a FDCPA claim).[6]

Making a debt payment method and its related fee optional does not insulate it against a relationship to the debt. Here, Freedom Mortgage charges and collects the associated fee only when its borrowers make a payment on their debt. Further, section 392.303(a)(2) is focused on lender' collections of fees, and the fact that Plaintiffs could have avoided this fee does not detract from the fact that Freedom Mortgage ultimately collected it.[7] The TDCA provides no protection for lenders merely because their collection of a fee was dependent upon a borrower's selection of the lender's fee-based payment method. This result may be unsatisfactory, as Plaintiffs complain of a charge they arguably

---

[6] The Court in *Flores* arrived at this conclusion by relying on the legislative history underlying the FDCPA and argued that it would not be "unfair and unconscionable" to permit collection of a fee for an optional debt-payment method. 2015 WL 4254032, at *9–*10. This Court finds *Flores*' reasoning unpersuasive in view of the express prohibition that the TDCA, like the FDCPA, imposes on unauthorized, debt-related fee collections without exception. *See Quinteros*, 999 F. Supp. 2d at 438 (rejecting the argument that convenience fees were not unfair or unconscionable as "cut[ting] against the plain language of 1629(f)(1)").

[7] In the Rule 12(b)(6) context, the Court assumes the allegations of the complaint are true.

could have avoided, but the Court determines that it is required by the plain language of the TDCA.

Second, Freedom Mortgage argues that the convenience fee is expressly authorized by the parties' deed of trust, which states that the lender "may collect fees and charges authorized by the Secretary [of HUD]." Def.'s Appx. Ex. 6 41 [25]. Freedom Mortgage then points to the HUD Handbook, which states that the Secretary has authorized "reasonable and customary fees and charges." *Id.* at Ex. 8 55–56. The HUD Handbook does not indicate, however, that convenience fees fall within this category. While Freedom Mortgage argues that optional payment methods with convenience fees are "reasonable and customary" in the mortgage business, it has not established this as a matter of law or shown that its fee here is "reasonable" within the scope of the HUD Handbook's description. Freedom Mortgage also has not pointed to any source legally authorizing these types of fees. Thus, Freedom Mortgage has not shown from the face of the complaint that the fees are reasonable and customary as a matter of law.

Lastly, Freedom Mortgage suggests in its motion that the voluntary payment doctrine prevents Plaintiffs' TCDA claim.[8] *See BMG Direct Mktg. v. Peake*, 178 S.W.3d

---

[8] Freedom Mortgage also argues that Plaintiffs have not alleged that it engaged in "debt collection" within the meaning of the TDCA. Def.'s Reply 4–7 [35]. It raised this argument only in its reply brief, and it was not responsive to any argument made in Plaintiffs' response. *Atlas Health LLC v. Giuffre*, 2017 WL 8809604, at *5 (N.D. Tex. 2017) ("A court generally will not consider arguments raised for the first time in a reply brief."); *see also U.S. v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants such as Jackson, are waived."). Despite this, Freedom Mortgage spends nearly one quarter of its reply brief on this point in lieu of the "unfair or unconscionable means" argument it raised in its motion but abandoned in its reply. The Court determines it would be prejudicial to consider this new

763, 772 (Tex. 2005) ("[A] fee paid by the plaintiff voluntarily, with full knowledge of all the facts . . . cannot be recovered back.") (internal quotation omitted). Determining whether Plaintiffs "voluntarily" paid the convenience fees and had "full knowledge of the facts" at the relevant time, however, involves factual issues that are inappropriate for resolution in a Rule 12(b)(6) context. Accordingly, the Court rejects this argument.

**CONCLUSION**

Because the parties' deed does not expressly incorporate HUD regulations, Plaintiffs cannot allege a breach of contract based on violations of HUD regulations. The Court thus grants Freedom Mortgage's request to dismiss Plaintiffs' breach of contract claim. The Court denies dismissal of the TDCA claim because Plaintiffs have plausibly alleged their claim.

Signed August 14, 2020.

David C. Godbey
United States District Judge

argument and in keeping with precedent from both the Fifth Circuit and this Court, declines to do so.