## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| Helene Breedlove Caldwell, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | **Hon. David C. Godbey** |
| Freedom Mortgage Corporation, | § § | **No. 19-02193** |
| *Defendant.* | § § § § | |

## DEFENDANT FREEDOM MORTGAGE CORPORATION'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Freedom Mortgage Corporation ("Freedom"), by and through undersigned counsel, hereby answers the allegations in Plaintiffs' Amended Class Action Complaint ("Amended Complaint") (Dkt. No. 20) that have survived this Court's August 14, 2020 Memorandum Opinion and Order granting in part and denying in part Freedom's Motion to Dismiss (Dkt. No. 69).[1] The term "Plaintiffs" referenced below refers solely to the remaining Plaintiffs in this action. Freedom reserves the right to amend or supplement its responses and defenses. Freedom denies any and all allegations in the Amended Complaint that are not expressly admitted and responds to each averment as follows:

1.      Denied.

2.      Denied as stated. Freedom admits only that it is an originator and servicer of mortgages in the United States.

3.      Denied.

---

[1]      This Order was entered on August 17, 2020.

4.      Paragraph 4 contains impertinent legal conclusions to which no response is required.  To the extent a response is deemed required, Freedom admits only that it services mortgage loans insured by the Federal Housing Administration ("FHA").

5.      Paragraph 5 contains impertinent legal conclusions to which no response is required.  To the extent a response is deemed required, Freedom admits only that it services mortgage loans insured by the FHA.

6.      Denied.

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Freedom denies the allegations in Paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Freedom denies the allegations in Paragraph 8.

9.      Denied.

10.     To the extent the allegations in Paragraph 10 relate to Helene Breedlove Caldwell and James Earl Sterns, they are irrelevant and do not require a response, as their claims have been dismissed.  Dkt. No. 52.  Freedom admits that Plaintiffs Reginald and Angela Reddick have an FHA-insured mortgage loan that it services.  Freedom denies that Plaintiff Jose Palacios currently has a loan serviced by Freedom.

11.     Freedom admits only that Plaintiffs contracted with Freedom, at their own request, to use an optional pay-by-phone service to remit their mortgage payments to Freedom in exchange for a fully disclosed and consented-to convenience fee of $10 or $15.  Freedom denies all other allegations in Paragraph 11.

12.    Freedom denies the allegations in the first two sentences of Paragraph 12. Freedom lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 12 and, on that basis, denies them.

13.    Denied.

14.    Denied.

15.    Freedom admits only that Plaintiffs purport to bring this action on behalf of putative classes.  Freedom denies all liability, denies that Plaintiffs or the putative classes suffered any actionable harm for which Freedom is liable, denies that certification of this action is appropriate under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.  By way of further response, Freedom notes that Plaintiffs' breach of contract claim has been dismissed.  Dkt. No. 69.

## PARTIES

16.    Paragraph 16 contains impertinent allegations regarding Helene Breedlove Caldwell and James Earl Sterns, who have dismissed their claims (Dkt. No. 52), such that no response is required.

17.    Admitted.

18.    Admitted.

19.    Admitted.

## JURISDICTION AND VENUE

20.    Freedom admits that it conducts business in the State of Texas, including servicing mortgages.  Freedom denies that it services a mortgage loan for Plaintiff Jose Palacios. The remaining allegations in Paragraph 20 are legal conclusions to which no response is required.

21.    Paragraph 21 contains legal conclusions to which no response is required. Freedom denies committing any wrongful conduct in Dallas County, Texas.

22.    Paragraph 22 contains legal conclusions to which no response is required.

23.    Denied as stated.  Freedom admits only that it is an originator and servicer of mortgages in the United States.

24.    Denied as stated.  Freedom admits that, since at least April 2018, Plaintiffs Angela and Reginald Reddick were aware that if they wanted the convenience of making a monthly mortgage payment by phone with a live agent or through use of an automated voice response system, they were required to enter into a contract with Freedom for that service.  With this knowledge, they called Freedom on multiple occasions, asked to remit their monthly mortgage payments by phone, and voluntarily contracted for this optional service in exchange for a convenience fee.

25.    Paragraph 25 does not include any factual allegations that require a response.

26.    Denied as stated.  Freedom admits that, since at least November 2016, Plaintiff Jose Palacios was aware that if he wanted the convenience of making a monthly mortgage payment by phone with a live agent or through use of an automated voice response system, he was required to enter into a contract with Freedom for that service.  With this knowledge, he called Freedom on multiple occasions on or before September 18, 2017, asked to remit his monthly mortgage payment by phone, and voluntarily contracted for this optional service in exchange for a convenience fee.

27.    Paragraph 27 contains a legal conclusion to which no response is required.

## COMMON FACTUAL ALLEGATIONS

### The Texas Debt Collection Act

28.     Paragraph 28 contains a legal conclusion to which no response is required.

29.     Denied as stated.  Freedom denies that it acted as a debt collector when Plaintiffs contracted with Freedom to remit their monthly mortgage payments by phone.

30.     Denied as stated.  Freedom denies that it engaged in debt collection when Plaintiffs contracted with Freedom to remit their monthly mortgage payments by phone.

31.     Paragraph 31 contains a legal conclusion to which no response is required.

32.     Paragraph 32 contains a legal conclusion to which no response is required. Freedom further denies that Plaintiffs' mortgage loans are consumer debts under the TDCA to the extent the loans were not in default at times relevant to this action and because Plaintiffs used them for a primary purpose that is business related.

33.     Denied.

34.     Denied.

### FHA Servicing Rules Restrict Fees[2]

35.     Paragraph 35 quotes the website of the United States Department of Housing and Urban Development ("HUD"), which is a writing that speaks for itself; accordingly, no response is required.

36.     Paragraph 36 characterizes the role of HUD to which no response is required.

37.     Paragraph 37 quotes the HUD website, which is a writing that speaks for itself; accordingly, no response is required.

---

[2]     Freedom has included the headings contained in the Amended Complaint but does not agree that the headings are accurate.  Freedom denies that the FHA servicing rules restrict voluntary convenience fees for the optional, contracted-for service of paying by phone.

38.     Paragraph 38 purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

39.     Admitted.

40.     Paragraph 40 contains legal conclusions and descriptions of a writing that speaks for itself; accordingly, no response is required.

41.     Paragraph 41 contains legal conclusions to which no response is required.

42.     Paragraph 42 purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

43.     Paragraph 43 contains legal conclusions to which no response is required.

44.     Denied as stated.  Freedom admits that FHA-insured mortgages contain uniform covenants, but states that they also contain non-uniform covenants.

45.     Paragraph 45 purports to describe Plaintiffs' deeds of trust, which are writings that speak for themselves; accordingly, no response is required.  Freedom admits that each Plaintiff's deed of trust contains the language, "Lender may collect fees and charges authorized by the Secretary."

46.     Denied.

47.     Paragraph 47 contains legal conclusions and purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

48.     Paragraph 48 purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

49.     Paragraph 49 purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

50.     Paragraph 50 purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

51.     Denied.

52.     Denied as stated. While "Pay-to-Pay fees" are not specifically listed in Appendix 3.0 of the HUD Handbook, they are not prohibited.

53.     Denied.

54.     Paragraph 54 contains legal conclusions and purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

55.     Paragraph 55 purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

56.     Denied.

57.     Paragraph 57 contains legal conclusions and purports to describe a HUD Handbook, which is a writing that speaks for itself; accordingly, no response is required.

58.     Denied.

### PLAINTIFFS' ALLEGATIONS

59.     Paragraph 59 contains impertinent allegations that do not require a response because Helene Breedlove Caldwell and James Earl Sterns have dismissed their claims. Dkt. No. 52.

60.     Paragraph 60 contains impertinent allegations that do not require a response because Helene Breedlove Caldwell and James Earl Sterns have dismissed their claims. *Id.*

61.     Paragraph 61 contains impertinent allegations that do not require a response because Helene Breedlove Caldwell and James Earl Sterns have dismissed their claims. *Id.*

62.     Admitted.  By way of further response, Plaintiffs Reginald and Angela Reddick's deed of trust also contains non-uniform covenants.

63.     Admitted.

64.     Admitted.

65.     Admitted.  By way of further response, Plaintiff Jose Palacios's deed of trust also contains non-uniform covenants.

66.     Admitted.

67.     Admitted.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Paragraph 73 contains a legal conclusion that does not require a response.  To the extent a response is required, Freedom denies the allegation as stated.   By way of further response, Freedom incorporates and restates its response to Paragraph 11 as if fully set forth here.

## CLASS ALLEGATIONS

74.     Freedom admits only that Plaintiffs purport to bring this action on behalf of putative classes.  Freedom denies all liability, denies that Plaintiffs or the putative classes suffered any actionable harm for which Freedom is liable, denies that certification of this action is appropriate under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.

75.    Freedom admits only that Plaintiffs purport to bring this action on behalf of putative classes.  Freedom denies all liability, denies that Plaintiffs or the putative classes suffered any actionable harm for which Freedom is liable, denies that certification of this action is appropriate under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.  By way of further response, Freedom states that any allegations related to the putative "FHA Pay-to-Pay Class" are irrelevant and Plaintiffs lack standing to pursue the claims, as the Court has dismissed Plaintiffs' claim for breach of contract.  Dkt. No. 69 at 3–5.

76.    Freedom denies that Plaintiffs are entitled to the reservation of rights they purport to assert in Paragraph 76.

77.    Freedom admits only that Plaintiffs purport to bring this action on behalf of putative classes.  Freedom denies all liability, denies that Plaintiffs or the putative classes suffered any actionable harm for which Freedom is liable, denies that certification of this action is appropriate under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the Texas Debt Collection Act
**(On behalf of the TDCA Class)**

86.     Freedom incorporates by reference the preceding paragraphs of this Answer as if fully set forth here.

87.     Admitted in part and denied in part.  Freedom admits only that Plaintiffs gave deeds of trust to secure the notes they took out to purchase homes in the State of Texas but denies that Plaintiffs are consumers or that their mortgage loans are consumer debts under the TDCA.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Freedom denies that Plaintiffs have standing to seek an injunction, denies all liability, denies that Plaintiffs or the putative classes suffered any actionable harm for which Freedom is liable, and denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.

### COUNT II: Breach of Contract
**(On behalf of the Pay-to-Pay Class)**

92.     Freedom incorporates by reference the preceding paragraphs of this Answer as if fully set forth here.

93.     On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 93.  Dkt. No. 69.

94.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 94.  *Id.*

95.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 95.  *Id.*

96.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 96.  *Id.*

97.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 97.  *Id.*

98.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 98.  *Id.*

99.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 99.  *Id*.

100.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 100.  *Id.*

101.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 101.

102.    On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in Paragraph 102. *Id.*

## PRAYER FOR RELIEF

Freedom denies that Plaintiffs and/or the putative classes are entitled to any of the relief requested in the "Wherefore" clause of the Amended Complaint, including all subparts thereof. Freedom denies that Plaintiffs or the putative classes suffered any actionable harm for which Freedom is liable, denies that certification of this action is appropriate under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.

## AFFIRATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without assuming any burden of proof or persuasion that would otherwise rest on Plaintiff, Freedom asserts the following affirmative defenses to Plaintiffs' claims.

1.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

2.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of unclean hands.

3.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because the alleged convenience fee payments are outside the scope of or zone of interest of the TDCA and, therefore, Plaintiffs and the putative class members lack statutory standing.

4.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the applicable statutes of limitations.

5.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by laches.

6.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Freedom did not engage in debt collection.

7.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs entered into binding and lawful contracts in connection with the convenience fees.

8.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because their mortgage loans are not consumer debts.

9.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because their mortgage loans were not in default at times relevant to this action.

10.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Freedom did not collect convenience fees within the meaning of the TDCA.

11.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Freedom did not engage in any unfair or unconscionable conduct.

12.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because of a bona fide error or mistake.

13.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because their deeds of trust expressly authorize the convenience fees.

14.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because the convenience fees are legally chargeable to Plaintiffs and putative class members.

15.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and putative class members received the benefits of their bargains and thus have incurred no actual damages.

16.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because there is no causal connection between any conduct of Freedom and any alleged damages of Plaintiffs and the putative class members.

17.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the voluntary payment doctrine.

18.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrines of *res judicata*, estoppel, and equitable estoppel.

19.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the doctrine of waiver, acquiescence, and/or ratification.

20.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by settlement or release.

21.     Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, for failure to comply with the notice-and-cure provisions in the deeds of trust.

22.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because this action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.  The proposed classes do not satisfy the requirements of Rule 23 including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability.

23.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs are not proper representatives to bring this action on behalf of any proposed class.

24.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because any award in this action would constitute unjust enrichment.

25.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and the putative class members failed to mitigate alleged damages, if any.

26.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and the putative class members caused or contributed to their damages, if any, by their own prior breach of contract.

27.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because Plaintiffs and putative class members:  (a) failed to exercise ordinary and reasonable care on their own behalf; (b) exhibited intentional or reckless disregard for their own interests, through action or inaction; and/or (c) otherwise committed wrongdoing such that their own acts and/or omissions were the proximate cause of their injuries, if any.

28.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because any alleged damages were not caused by Freedom but instead by

15

intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Freedom is not responsible.

29.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because they had reasonably available alternatives to remitting their mortgage payments by phone in exchange for a convenience fee, and such alternatives did not involve a convenience fee.

30.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because no statute or law proscribes the conduct alleged in this action.

31.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, because convenience fees are permitted under the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.*

32.    Plaintiffs' claims, as well as those of putative class members, are barred, in whole or in part, by the Contracts Clause of the United States Constitution (U.S. Const. art. I, § 10, cl. 1) and of the Texas Constitution (Tex. Const. art. I, § 16).

33.    Plaintiffs' claims for injunctive or declaratory relief, as well as those of putative class members, are barred, in whole or in part, because they have not alleged lack of an adequate remedy at law.

34.    Plaintiffs' claims for injunctive or declaratory relief, as well as those of putative class members, are barred, in whole or in part, to the extent that the proposed injunction is an "obey the law" injunction.

35.    Any alleged damages incurred by Plaintiffs and/or putative class members must be set off by any benefits Plaintiffs and/or putative class members received, such as, for example, avoidance of late fees, default, foreclosure, and negative credit reporting.

36.     Freedom acted in good faith, including but not limited to in conformity with, and in reliance on administrative regulations, orders, rulings, interpretations, practices, or enforcement policies.  In the mortgage loan servicing industry, convenience fees are reasonable and customarily charged for services performed in connection with loan servicing.

37.     Freedom does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses or counterclaims available.  Freedom expressly reserves the right to assert additional affirmative defenses or counterclaims that may come to light as this action progresses.

## **PRAYER FOR RELIEF**

WHEREFORE, Freedom respectfully prays for judgment as follows:

1.     That the Court dismisses Plaintiffs' Amended Complaint with prejudice and enter judgment in favor of Freedom;

2.     That the Plaintiffs and any member of the putative class take nothing by the Amended Complaint;

3.     That the Court find that Plaintiffs brought this action in bad faith or for the purposes of harassment and award Freedom its attorneys' fees pursuant to Tex. Fin. Code § 392.403(c); and

4.     That the Court award Freedom such other relief as the Court deems just and proper.

Dated: September 28, 2020          */s/ Michael W. McTigue Jr.*
                                    Michael W. McTigue Jr. (Pa. Bar No. 69548; *pro hac vice*)
                                    Meredith C. Slawe (Pa. Bar No. 201489; *pro hac vice*)
                                    Daniel E. Brewer (Pa. Bar No. 209632; *pro hac vice*)
                                    1650 Market Street, Suite 2800
                                    Philadelphia, Pennsylvania  19103
                                    Telephone: (215) 665-2000
                                    Facsimile: (215) 665-2013
                                    mmctigue@cozen.com
                                    mslawe@cozen.com
                                    dbrewer@cozen.com

                                    Kendall Kelly Hayden (State Bar No. 24046197)
                                    Marie Bussey-Garza (State Bar No. 24116152; *pro hac vice*)
                                    1717 Main Street, Suite 3100
                                    Dallas, Texas  75201
                                    Telephone: (214) 462-3000
                                    Facsimile: (214) 462-3299
                                    khayden@cozen.com
                                    mbussey-garza@cozen.com

                                    *Counsel for Defendant*
                                    *Freedom Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all current counsel of record.

                                    */s/ Michael W. McTigue Jr.*
                                    Michael W. McTigue Jr.